CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 31 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MARIO ROEBUCK,** | CASE NO. 7:11CV00305 |
| **Plaintiff,** | |
| | MEMORANDUM OPINION |
| vs. | |
| **RANDALL C. MATHENA, ET AL.,** | By: Glen E. Conrad |
| | Chief United States District Judge |
| **Defendants.** | |

Mario Roebuck, an inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials are not providing him with appropriate medical treatment, in violation of his constitutional rights. The court finds that Roebuck's action must be summarily dismissed, because his allegations fail to state any claim actionable under § 1983.

I

Roebuck's submissions offer the following facts and allegations on which his claims are based. He was convicted and sentenced to prison in the Virgin Islands. In August 2009, prison officials transferred him to Wallens Ridge State Prison in Big Stone Gap, Virginia, where he has been incarcerated ever since. Officials informed Roebuck that he was transferred for medical care and treatment and for his personal security.

According to Roebuck, he is paralyzed because of a bullet lodged in his spine and as a result, he has been using a wheelchair. Medical officials at WRSP, however, have told him that the paralysis is incomplete and that physical therapy will help him regain his ability to walk. They gave him some written exercises for him to do on his own, but he has never received any other form of therapy, treatment, or "check-up." Officials also removed the footrests from his wheelchair, advising him that use of the footrests could further decrease his ability to use his

legs. Roebuck complains, however, that without footrests, he is left "extending [his] foot out for long period[s]," which causes pain in his back and "bedsores looking to appear."

Roebuck also has a hard time using the bathroom and before he came to WRSP, he was allowed to use "pull-ups." Officials at WRSP have told him that they do not want him to use pull-ups. Without pull-ups, he sometimes urinates on himself because he has no control over his bladder.

Finally, Roebuck states that before his transfer in 2009, he was scheduled for surgery related to kidney stones.[1] He complains that Virginia officials have not arranged for him to have this surgery.

Roebuck sues numerous medical staff members at WRSP, claiming that he has only seen "unqualified medical staff." He also names several administrative and supervisory VDOC staff, asserting that they did not adequately supervise their subordinates. He states that as relief in this action, he wants compensatory damages, punitive damages, and a transfer back to a Virgin Islands prison facility where he can receive surgery to remove the bullet from his spine and receive kidney surgery.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). After a

---

[1] He alleges that before his transfer, Virgin Islands doctors successfully operated on his right kidney to remove kidney stones.

2

review of Roebuck's allegations, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). For this reason, medical malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986). Moreover, nonmedical prison personnel, including supervisory officials, may rely on the opinion of the medical staff as to the proper course of treatment. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990). Thus, to state a

3

claim against a supervisory official regarding his medical treatment, an inmate must show that the official was personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment decisions, or tacitly authorized or were indifferent to the prison physicians' misconduct. Id. at 854. See also Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (finding that doctrine of respondeat superior does not apply in § 1983 actions and that liability requires showing of personal fault based on defendant's personal conduct or another's conduct in execution of the defendant's policies or customs).

As an initial matter, Roebuck's complaint does not allege how any of the defendant officials, personally, undertook actions in violation of his constitutional rights. Simply naming individuals in the heading of his complaint does not equate with providing facts in support of specific claims against each defendant, as required to state an actionable § 1983 claim.

Even if he amended to specify such personal involvement, however, Roebuck's allegations do not give rise to any § 1983 claim against the defendants.[2] His submissions clearly indicate that the medical staff assessed his spinal condition and determined that if he tried, Roebuck could use his legs to walk and use the bathroom and that his medical accommodations should encourage him to do so. The decisions to deny Roebuck footrests and pull-ups and to require him to perform exercises on his own are a logical application of this diagnosis, giving Roebuck incentive to work toward achieving his own recovery. In a § 1983 lawsuit, the court cannot second guess the propriety of these medical judgments.

---

[2] Roebuck complains that transferring him to Virginia violated a contract between the Commonwealth and his home jurisdiction, the Virgin Islands; he sues one Virgin Islands prison official. Because his allegations offer no indication that this contract creates any constitutional protection for inmates, the court finds no possible § 1983 claim arising from Roebuck's references to it. To the extent that Roebuck might conceivably demonstrate some state law right implicated by the alleged violation of the contract's provisions, the court declines to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c). Therefore, the court summarily dismisses without prejudice all claims concerning the contract.

Roebuck apparently believes that he will only be able to walk if he has surgery on his spine. He finds the defendants' alternative treatments to be uncomfortable. His disagreement with the medical staff's judgment about the appropriate course of treatment, however, does not state an actionable § 1983 claim. At the most, these allegations might conceivably give rise to a claim of medical malpractice under state law. Section 1983 was intended to protect only federal rights guaranteed by federal law and was not intended as an alternative vehicle by which to raise tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Any state law claims based on plaintiff's allegations are thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c).

Roebuck also fails to allege facts stating any constitutional claim concerning his kidney problems. Although directed to do so, Roebuck has not submitted copies of any inmate request form or prison grievances advising medical staff at WRSP of physical symptoms he has suffered or otherwise indicating that he needs kidney surgery. Indeed, in his complaint itself, he also fails to allege any facts concerning his kidney condition or demonstrating any substantial risk that he will suffer serious harm if he does not receive the surgery he desires. Because he fails to allege facts suggesting that prison officials knew of a serious medical need for him to have surgery, he does not demonstrate that anyone has acted with deliberate indifference to such a need.[3]

Roebuck's complaint also fails to state any actionable claim against supervisory officials who have no medical training. His submissions offer no indication that any of these officials or

---

[3] None of the documentation Roebuck submitted with his complaint or in response to the conditional filing order indicates that he proceeded through all stages of the prison's grievance procedure concerning his claims that WRSP officials have not provided him with medical checkups or surgery for kidney stones. Thus, it appears that he has not exhausted available administrative remedies as to these allegations, which is required before he can bring such claims in a civil action in this court. See 42 U.S.C. § 1997e(a).

5

had any personal involvement in the decisions regarding appropriate treatment for his medical conditions. Moreover, these officials rightfully relied on the medical judgment of the medical staff at WRSP to determine the appropriate treatment for Roebuck's conditions as they assessed and diagnosed them. Because the court finds no indication from Roebuck's submissions that any of the named defendants acted with deliberate indifference to his serious medical needs, the court will summarily dismiss the complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will enter this day.

### III

For the reasons stated, the court dismisses Roebuck's complaint without prejudice for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of August, 2011.

/s/ Glen Conrad
Chief United States District Judge